UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY & OVERSIGHT<br>30 North Gould Street<br>Suite 12848<br>Sheridan, WY 82801,<br><br>   Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>   Defendant, | Civil Action No. 26-1 |

## COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT

Plaintiff GOVERNMENT ACCOUNTABILITY & OVERSIGHT ("GAO") for its complaint against defendant UNITED STATES DEPARTMENT OF JUSTICE ("DOJ") alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. for declaratory, injunctive, and other relief. Plaintiff seeks, *inter alia*, the immediate processing and release of agency records responsive to one FOIA request by plaintiff.

2. This suit follows defendant's failure to provide a lawful determination with respect to plaintiff's FOIA request, and/or its failure to adequately search for, process or produce certain responsive information and/or records, in violation of defendant's lawful obligations comply with the express terms of FOIA.

## PARTIES

3. Plaintiff Government Accountability & Oversight ("GAO") is a nonprofit

research, public policy and public interest entity organized under the laws of Wyoming. GAO is dedicated to education regarding responsible regulation and transparency in government, a key part of which is seeking public records illuminating how policymakers use public resources, and with whom. GAO has publication and other media functions, and broadly disseminates public information obtained under open records and freedom of information laws.

4.      Defendant the Department of Justice is a federal agency headquartered in Washington, DC. Through the Attorney General and employees reporting to the Attorney General, the Department of Justice supervises the United States Attorney in each judicial district.

## **JURISDICTION AND VENUE**

5.      This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because the defendant is a federal agency and this case is filed in the District of Columbia.

6.      Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because the defendant is a federal agency operating in the District of Columbia, because records are likely held or processed in the District of Columbia, and because this suit is filed in the District of Columbia.

7.      Plaintiff is not required to further pursue administrative remedies with respect to its FOIA request before seeking relief in this Court because defendant failed to provide the required "determination" within the meaning of the FOIA.

## **PLAINTIFF GOVERNMENT ACCOUNTABILITY & OVERSIGHT'S REQUEST**

8.      On August 15, 2025, plaintiff submitted by FOIA.gov a request to defendant's Energy and Natural Resources Division ("ENRD"). Plaintiff specifically sought copies of

certain email correspondence over a specified period of time for one ENRD political-appointee custodian. This correspondence contains among the senders or recipients one or more of nine last names, email domains or keywords pertaining to individuals or entities involved at one level or another in advocating for and/or promoting intervention by the DOJ in support of third-party litigation against energy companies. Ostensibly, such DOJ intervention would be in the name of addressing catastrophic man-made global warming.

9. On August 26, 2025 defendant acknowledged receiving the plaintiff's request, assigning it the tracking number 2025-07140 and stating in an email, "ENRD will begin processing your FOIA request."

10. On or before September 15, 2025, defendant owed plaintiff a timely "determination" as defined in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

11. Defendant did not provide such a determination. Instead, on September 16, 2025, defendant wrote, in pertinent part, "Based on the search terms you have provided, we have interpreted your request to seek communications involving parties external to the federal government."

12. The next day, plaintiff responded in pertinent part, "We wish to clarify that we did not limit the request to parties outside the federal government. As such, please note that Hayes is the last name of a government employee, using (in all likelihood) a .gov address, and as such correspondence with any party with Hayes in the email address, containing the cited keywords, is responsive to the request. As such, we request that the Department inform us if there are any responsive records described with any party with Hayes in their email address, as those are covered by the request."

13. On September 30, 2025, defendant wrote to plaintiff claiming to "request clarification on portions of your request…" Defendant stated in pertinent part that it had located no responsive records sent to or from email addresses containing eight of the nine keywords, but did locate records containing one of the name-keywords, about which it requested further information from requester/plaintiff.

14. That same day plaintiff responded, stating, in response to that inquiry:

> We are in receipt of your letter dated September 30, 2025, seeking further clarification pertaining to the above-cited request.
>
> Specifically, in response to the following (<u>emphasis</u> in original):…
>
> According to your correspondence on this matter, this leaves only the records responsive to our request which are to/from or copying David Hayes, during the relevant period of time a federal government appointee.
>
> Our request contains no further, keyword restrictions. Further, if Mr. David Hayes used a non-.gov email address when corresponding with Mr. Kim, these remain public records and so we do <u>not</u> wish to further restrict our request to only those sent to or from a Hayes email address ending in .gov.
>
> If a preliminary search indicated that due to a large volume of potentially responsive records you request a further narrowing, please so inform us.
>
> We look forward to the Department's response.
>
> Thank you in advance.

15. That same day, defendant wrote by email that it had received requester's/plaintiff's response.

16. That was ninety calendar days ago, during which time Defendant has not responded further, such that the above represents the totality of defendant's correspondence with requester/ plaintiff on this matter.

17. The FOIA provides that a requesting party is entitled to a substantive agency

response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i).

18. Under the precedent of this Circuit, within the aforementioned statutory deadline, "a 'determination' under Section 552(a)(6)(A)(i) must be more than just an initial statement that the agency will generally comply with a FOIA request and will produce non-exempt documents and claim exemptions in the future. Rather, in order to make a "determination" and thereby trigger the administrative exhaustion requirement, the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the "determination" is adverse." *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

19. Defendant has not provided the information required by *CREW*, 711 F.3d at 188.

20. 5 U.S.C. § 552(a)(6)(A) prescribes that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, 5 U.S.C. § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. 5 U.S.C. § 52(a)(6)(A)(ii) (II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.

21. Defendant has yet to inform GAO of, e.g., the approximate number of potentially responsive records it is processing or expects to process. Nor has DOJ provided records responsive to the request as affirmed by plaintiff in response to defendant's queries. Nor

has DOJ explained what exemptions it may infvoke in response to the plaintiff's request.

22. For the reasons set forth above, defendant has thereby failed to provide timely access to agency records in violation of FOIA.

### FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

23. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

24. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

25. Plaintiff has a statutory right to the information it seeks, and defendant has unlawfully withheld the information.

26. Plaintiff is not required to further pursue administrative remedies.

27. Plaintiff asks this Court to enter a judgment declaring that:

   a. Plaintiff is entitled to records responsive to its FOIA request described above, and any attachments thereto, but defendant has failed to provide the records;

   b. Defendant's processing of plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy defendant's obligations under FOIA;

   c. Defendant must now produce records responsive to plaintiff's request, and must do so without cost to the plaintiff.

### SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

28. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

29. Plaintiff is entitled to injunctive relief compelling defendant to produce the records

responsive to the FOIA request described herein at no cost to the plaintiff.

30. Plaintiff is entitled to injunctive relief compelling defendant to grant the plaintiff's requests for a fee waiver.

31. Plaintiff asks the Court to enter an injunction ordering defendant to produce to plaintiff, within 20 business days of the date of the order, the requested records sought in plaintiff's FOIA request described above, and any attachments thereto, at no cost to the plaintiff.

32. Alternatively, plaintiff asks the Court to enjoin defendant from seeking fees for processing and releasing the records that are at issue in this case.

33. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiff receives the last of the produced documents, addressing defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with plaintiff's challenges to defendant's withholdings, if any, and any other remaining issues.

### THIRD CLAIM FOR RELIEF
### Costs And Fees

34. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

35. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

36. This Court should enter an injunction or other appropriate order or judgment requiring the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

**PRAYER FOR RELIEF**

Government Accountability & Oversight respectfully requests this Court:

A.     Assume jurisdiction in this matter, and maintain jurisdiction until the defendant complies with FOIA and every order of this Court;

B.     Declare that defendant has violated FOIA by failing to provide plaintiff with the requested information, by claiming certain records are not public records, failing to grant plaintiff's requests for fee waiver, and/or by failing to notify plaintiff of final determinations within the statutory time limit;

C.     Declare that the documents sought by the requests, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 *et seq*. and must be disclosed;

D.     Order defendant to expeditiously provide the requested records to plaintiff within 20 business days of the Court's order;

E.     Award plaintiff's attorneys their reasonable fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

F.     Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 1st day of January 2026,

GOVERNMENT ACCOUNTABILITY & OVERSIGHT
By Counsel:

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
101 Rainbow Drive #11506
Livingston, TX 77399
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com
